**NATIONAL BLDG. & LOAN ASS'N v. FULLER.**

No. 20227.  Opinion Filed June 28, 1932.

Hamilton, Gross & Howard, for plaintiff in error.

Hargis & Yarbrough, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the lower court in sustaining a demurrer to the evidence of the plaintiff in error of Mrs. Tom Fuller. The record in the case shows that on the 20th of June, 1928, the National Building & Loan Association filed a petition against Tom Fuller, asking for the recovery of the rent on lots 1, 2, 3, and 4 in block 26 from December 27th to June 28th at $75 a month, with an allegation in the petition that the defendant had agreed to pay the rent, but did not do it. That petition is signed by E. E. Grinstead, as attorney for the plaintiff. Praecipe for summons was made and summons was issued and served on Tom Fuller. Order of attachment was sued out to attach the property of Tom Fuller, he being the sole defendant in the case, and an attachment bond was given. Attachment affidavit was made by E. E. Grinstead, ground of the attachment being that Fuller was about to remove his property out of the jurisdiction of the court with intent to defraud his creditors and was about to convert his property into money, and several more allegations were made on that line, the affidavit being sworn to on the 20th of June, 1928. Attachment order was served by the sheriff of Osage county and property regularly appraised, the sheriff returning that he had attached the household goods, wearing apparel, and other things in accordance with a list.

On the 21st of June, 1928, on application by Tom Fuller to discharge the attachment, a stipulation was made to the effect that Fuller was moving his family from Pawhuska, Okla., to Arkansas City, Kan., for the purpose of occupying a residence there, which he had rented, and the property was attached in Osage county and the motion to dissolve the attachment was denied. On the 22nd of June, application was made by the plaintiff to make Mrs. Tom Fuller a defendant and for leave to file an amended petition, and leave was given.

The amended petition alleged that both defendants agreed to pay the rent, and this

time it was signed by Hamilton, Gross & Howard, attorneys and verified by E. E. Grinstead. Service was had and return made on the 23rd of June, 1928, showing the parties served. At that time an undertaking for an order of attachment was filed and E. E. Grinstead was the surety. An attachment affidavit was sworn out by E. E. Grinstead on the 23rd of June, and in it, it was charged that both defendants owed the debt and were about to remove his property out of the jurisdiction of the court with intention to defraud. The order of attachment, however, was to attach the property of Tom Fuller alone. Return was made of having attached two truck loads of household furniture as being the property of Tom Fuller. The property was appraised at $350 and embraced everything ordinarily used by a family with children.

Mrs. Tom Fuller made a motion to set aside the attachment upon the ground that she owned the property and did not owe the debt, and also denying the ground of the attachment. The court, on application at that time, released some of the clothing, but held the bulk of the property attached.

Answers were filed by each of the defendants denying the indebtedness. On September 5th a hearing was had on the dissolution of the attachment, and under the proof adduced, Mrs. Fuller did not rent the property and did not owe the debt, and it developed that only the wearing apparel of Tom Fuller belonged to him. It was there claimed that the wife was liable for the rent, and the court contented itself with releasing only the dresses at that time. Reply was made to the answers, and on January 31, 1929, a jury was called and the trial proceeded, Mr. Grinstead being called on behalf of the plaintiff to establish the debt. His testimony was directed towards establishing that the plaintiff had a right to the rents accruing from the property by virtue of having had a mortgage with an assignment of rents made in favor of the National Building & Loan Association by the holder of the equity of redemption. The witness testified that Tom Fuller had had a talk with him, and the witness tried to get him to pay the rent and that the rent should be $525 instead of $450, as claimed by Fuller. His testimony, in part, is as follows:

"A. She called me about some repairs that she wanted made on the property, and I told her that I could not make the repairs until the back rent was paid, and she said that they were going to pay that out of the next payment, and wanted me to make the repairs and I insisted that I could not make them until the rent was paid; and that ended that conversation."

The repairs were not made.

The next conversation was when she came to see about some of the children's clothing that was in some package that had been attached, and the witness claimed then to be the owner of the household goods, "and said they only owed the $450, disputing the $75 and that they would pay it out of the next payment if I would let them have the stuff."

He was cross-examined as follows:

"Q. Now, you say she promised to pay you rent? A. Absolutely. Q. What did she say about her obligations about the rent? A. She called me up and wanted improvements made on the property, and I logically insisted that they must pay their rent before they would get the improvements."

Further along in the cross-examination, the following took place:

"Q. Yes, but she did say I will pay the rent? A. I don't think she put it that way, but she said we would pay it or they would pay it. She was promising that the rent would be paid if I would make the improvements. Q. Yes, certainly, and you did not make the improvements? A. I did not. Q. And they did move out of the property, Tom Fuller, or whoever was in there moved out in June? A. They moved out in June."

The landlord, with whom the contract was made, does not appear to have testified, and the plaintiff called Mrs. Tom Fuller as a witness and deduced from her where she lived now and that she owned the furniture. Both defendants demurred to the evidence because no cause of action was proven, and the demurrer of Mrs. Fuller was sustained and a waiver was made of the $75 claimed, and practically by agreement the jury brought in a verdict of $450 against Tom Fuller. Later the attachment was dissolved by the court on the ground that the attached property belonged to Mrs. Fuller, which was followed by a motion for a new trial and this proceeding in error.

The journal entry, after showing the discharge of the attachment upon the ground that the owner was not indebted, showed the plaintiff excepted to the order dissolving the attachment, but announced in open court that the plaintiff did not desire to hold the property under attachment for any further length of time. This of course, eliminates the attachment feature of the case, and the plaintiff is here complaining of the action of the court in sustaining the demurrer to the evidence of the plaintiff as against Mrs. Fuller on her personal liability.

In view of the fact that the husband is supposed to be the head of the family, and that ordinarily a rental contract would be

made wth him, and his duty to support himself and his wife and family, as set out in section 6607, C. O. S. 1921, the presumption should be that the liability for rent was that of the husband. However, the sole witness relied upon to establish a liability of the wife brought the first suit and verified it. At that time he evidently knew about as much about the promise of the woman to pay and whom the husband was renting from as he would know later. and the allegation sworn to by him at that time was that the husband was the one that owed the debt, and indebtedness of the wife was denied when she was made a party and her testimony was taken upon the application to dissolve the attachment, in which she denied the indebtedness, though this was not introduced before the jury, but the wife was put on the stand by the plaintiff, and the plaintiff also put on the stand the one who drew the assignment of the right to collect the rents. that was executed by Leonard Thomas, the owner, in which he says:

"It was an assignment of rentals due from Tom Fuller to Leonard Thomas for rental on the property described in that mortgage in the Palmer Highland addition to Pawhuska, an assignment to the National Building & Loan Association of the rentals."

The plaintiff contented itself by asking Mrs. Fuller if the furniture was hers and if she lived in the house.

We recognize the full force of the rule on the proposition of sustaining a demurrer to the evidence. but in this particular case we do not think that the case ought to be reversed on account of sustaining the demurrer, considering the admitted facts. The contract of rental was evidently made with the owner of the property, and the right to the rents under the contract was assigned to the plaintiff, it being rental due from Tom Fuller. The fact that the wife might have used the expression. from which the witness drew the inference that "they" would pay the rent, in our judgment, is not sufficient to overcome the action of Grinstead, the witness, in bringing suit originally and alleging that the husband was the one who had contracted to pay it.

The result on another trial. from the appearance of this record,, could be but the same as the result on this. The case is accordingly affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ.. concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J.. absent.